## LOUIS CHILDS v. STANDARD OIL COMPANY[1].

### May 27, 1921.

### No. 22,216.

**Negligence in filling oil tank — proximate cause of fire.**

Defendant's driver, in filling a tank with kerosene, negligently permitted the oil to overflow. The tank was in the basement of a building occupied by plaintiff and others. Employes of the owner of the tank soaked up the oil with sawdust and shavings, some of which were left near a furnace located in the basement. In replenishing the fire in the furnace, an occupant of the building used a shovel with which the oily sawdust had presumably been scraped together. There was an instantaneous fire, and the building and plaintiff's property therein were destroyed. *Held*:

(1) That the outbreak of a fire was within the range of reasonable foresight and that a jury might have found that defendant was bound to anticipate it as probable.

(2) That the fact that damage would not have happened but for defendant's original negligent act did not, as a matter of law, necessitate the conclusion that such act was the proximate cause of plaintiff's injury.

(3) That the owner of the tank who attempted to remove the oil and the occupant of the building who added fuel to the furnace fire were independent responsible agents whose acts intervened between defendant's negligence and plaintiff's injury, and hence the negligence of the defendant was not the proximate cause of the injury.

Action in the district court for Itasca county to recover $400 for loss caused by defendant's negligence. The case was tried before McClenahan, J., who when plaintiff rested granted defendant's motion to dismiss the action. From an order denying his motion for a new trial, plaintiff appealed. Affirmed.

*John M. Gannon* and *Thomas H. Strizich*, for appellant.

*Thomas S. Wood* and *G. A. E. Finlayson*, for respondent.

[1]Reported in 182 N. W. 1000.

Lees, C.

Appeal from an order denying plaintiff's motion for a new trial of an action for damages for the destruction of his property by a fire alleged to have been caused by defendant's negligence. On defendant's motion, the action was dismissed at the close of plaintiff's case.

In substance the evidence was that defendant operated an oil station at Coleraine in this state, from which it distributed oil in neighboring towns. Among them was the village of Marble, where the Marble Mercantile Company conducted a general store, occupying a portion of a three-story brick building. There was a cement-floored basement under the building divided by a partition wall into two sections, the one under the store being used by the company, and the other by Mrs. Horn, who occupied the remainder of the building as an hotel. Plaintiff leased rooms from her, where he kept his household goods and clothing, which were destroyed by the fire. The mercantile company kept kerosene in its basement in a 300 gallon tank, which was filled through an intake pipe leading to the surface of the ground. A gauge on the tank indicated the amount of oil it contained. Defendant usually filled the tank twice a week. There was evidence tending to show that it was the practice of defendant's drivers to go into the basement to look at the gauge to see how much oil was needed before filling the tank.

On February 14, 1919, at about the noon hour, defendant's driver delivered and was paid for 100 gallons of oil. At about one o'clock an employee of the mercantile company discovered that too much oil had been poured into the tank, which had overflowed, and that several gallons of oil had run over the floor. In the partition between the two sections of the basement, there was a door, which cleared the floor by about one inch. The tank was near the door, and the floor sloped towards it, and some of the oil had run into the other section of the basement and near the furnace by which the entire building was heated. Employes of the mercantile company attempted to remove the oil by spreading sawdust and shavings over the floor to soak it up. They then scraped up this material and left it in the basement. At about five o'clock Mrs. Horn went to the basement to attend to the furnace. She had been down earlier in the afternoon, knew that the oil had overflowed, and, on going down the second time, found oily sawdust near the furnace. She proceeded to

add fuel to the fire. In doing so, a stick of wood stuck in the furnace door. She took a shovel, which had probably been used to scrape up the oil, and tried to shove the stick through the door. There was a burst of flame and almost immediately there was fire all through the basement and the entire building and its contents were destroyed.

The present action was one of several brought by occupants of the burned building. One, in which Margaret McPhearson was plaintiff, had been tried. An employe of the mercantile company named Sternberg had been a witness for her and testified that he gave defendant's driver Kernan an order for 100 gallons of kerosene on the day of the fire. We infer that after the trial of the McPhearson case the complaint in this case was amended so as to plead defendant's usage in filling the mercantile company's tank. Sternberg was not called as a witness in this case. We will assume that the evidence would have justified the jury in finding that it was defendant's practice to fill all oil tanks in the manner alleged in the amended complaint and that the driver Kernan, who had been recently employed by defendant, followed the customary practice on the day of the fire and negligently filled the tank so that it overflowed.

This brings us to a consideration of the question of whether such negligence was actionable in view of what followed. So much has been written on the question of "whether a particular mischief was the result of a particular default" that stereotyped forms of expression can be found to glide over almost any difficulty the question may present in any case. 25 Harvard, L. Rev. 108. We are content to refer to our own decisions for definitions of such terms as "foreseeable consequences," "proximate cause" and "intervening cause."

In Christianson v. Chicago, St. P. M. & O. Ry. Co. 67 Minn. 94, 69 N. W. 640, the court said: "If a person had no reasonable ground to anticipate that a particular act would or might result in any injury to anybody, then, of course, the act would not be negligent at all; but, if the act itself is negligent, then the person guilty of it is equally liable for all its natural and proximate consequences, whether he could have foreseen them or not."

In Wallin v. Eastern Ry. Co. of Minn. 83 Minn. 149, 86 N. W. 76, 54 L.R.A. 481, the following statement was approved: "A person guilty

of negligence should be held responsible for all the consequences which a prudent and experienced person, fully acquainted with all the circumstances which in fact existed, whether they could have been ascertained by reasonable diligence or not, would at the time of the negligent act have thought reasonably possible to follow, if they had occurred to his mind."

In Boyd v. City of Duluth, 126 Minn. 33, 147 N. W. 710, the doctrine of Stone v. Boston & A. R. Co. 171 Mass. 536, 51 N. E. 1, 41 L.R.A. 794, was approved as follows: "One is bound to anticipate and provide against what usually happens and what is likely to happen; but it would impose too heavy a responsibility to hold him bound in like manner to guard against what is unusual and unlikely to happen, or what, as it is sometimes said, is only remotely and slightly probable."

In Conley v. Louis F. Dow Co. 130 Minn. 186, 153 N. W. 323, 593, the court remarked: "It is truly said, defendant was not required to anticipate improbable dangers."

In Beard v. Chicago, M. & St. P. Ry. Co. 134 Minn. 162, 158 N. W. 815, L.R.A. 1916F, 866, the rule stated in the Christianson case was re-affirmed.

Applying these rules, we are of the opinion that the jury might properly have concluded that it would have occurred to a man of ordinary prudence that, if a quantity of kerosene was spilled, as it was in this case, and was not promptly and carefully removed, a fire was likely to originate in the basement of the building. The mischief which might result was well within the range of reasonable foresight, and we think the jury might have found that defendant was bound to anticipate it as probable.

With reference to the subject of proximate cause, the late Chief Justice Start said, in Moores v. Northern Pacific Ry. Co. 108 Minn. 100, 121 N. W. 392: "Theorize as we may on the subject of proximate cause, it is in its last analysis a question of good common sense, to be solved by a practical consideration of the evidence in each particular case."

Substantially the same statement was repeated in Healy v. Hoy, 115 Minn. 321, 132 N. W. 208; Wiles v. Great Northern Ry. Co. 125 Minn. 348, 147 N. W. 427; and Farrell v. G. O. Miller Co. 147 Minn. 52, 179 N. W. 566. Definitions of "proximate cause," approved by this

court in negligence cases, are collected in 2 Dunnell, Minn. Dig § 7000.

The fact that damage would not have happened but for defendant's tortious act does not, as a matter of law, necessitate the conclusion that such act was the proximate cause of the damage. If it only became injurious through some distinct wrongful act or neglect of another, the last wrong is the proximate cause, and the injury will be imputed to it and not to that which is more remote. The test usually applied is this: Has an independent responsible agent intervened between the first wrongdoer and the plaintiff and the continuous sequence of events been interrupted or turned aside so as to produce a result which would not otherwise have followed? If so, the original wrongdoer ceases to be responsible. Moon v. Northern Pacific R. Co. 46 Minn. 106, 48 N. W. 679, 24 Am. St. 194; Purcell v. St. Paul City Ry. Co. 48 Minn. 134, 50 N. W. 1034, 16 L.R.A. 203; Gillespie v. Great Northern Ry. Co. 124 Minn. 1, 144 N. W. 466; Peterson v. Martin, 138 Minn. 195, 164 N. W. 813. The authorities agree that the question of proximate cause is usually one of fact for the jury and that only when the facts are undisputed and are susceptible of but one inference does the question become one of law for the court. The cases are collected in 2 Dunnell, Minn. Dig. § 7011, and 22 R. C. L. 148-150.

Defendant contends that the evidence is conclusive that the acts of the employes of the mercantile company in attempting to remove the oil from the floor, and of Mrs. Horn in attempting to add fuel to the fire in the furnace, were the proximate causes of the injury to plaintiff. In support of this contention it relies principally on the following cases: Peterson v. Martin, supra; Stone v. Boston & A. R. Co. supra; Moody v. Gulf Refining Co. 142 Tenn. 280, 218 S. W. 817, 8 A. L. R. 1243, to which may be added Harton v. Forest City Tel. Co. 146 N. C. 429, 59 S. E. 1022, 14 L.R.A.(N.S.) 956, 14 Ann. Cas. 390. It is the opinion of the majority of the court that the contention should be sustained.

The employes of the mercantile company discovered the oil early in the afternoon. They set about removing it, but stopped when they had transferred it from the floor to the sawdust and shavings. They negligently left some of the oil-soaked substance close to the furnace, thereby adding a new element of danger. The condition they created early

in the afternoon was allowed to continue for several hours. These were distinct acts of negligence intervening between the original negligent act of the defendant and the final injurious consequence. Then, too, Mrs. Horn was an independent responsible agent whose negligent act intervened and was the immediate cause of the fire. She knew the oil had been spilled and soaked up with sawdust and shavings, some of which were near the furnace. While there is no direct proof that particles of oily sawdust adhered to the shovel she used, the burst of flame, when she thrust the shovel through the furnace door, clearly indicated that there was some inflammable substance on it. She was negligent in what she did. Her negligence and the negligence of the mercantile company's employes "insulated" the original negligent act of the defendant from the injury and relieved defendant of liability.

There is no dispute about the facts, and the only permissible inference which the jury might have reached was that defendant's negligence was not a proximate cause of plaintiff's injury.

Order affirmed.

DIBELL, J. (dissenting).
In my judgment the question of proximate cause was for the jury.

HALLAM, J. (dissenting).
I agree with Justice Dibell.