JOHN P. KENNEDY, JR. v. FRED W. HEDBERG AND ANOTHER.[1]

April 11, 1924.

No. 23,745.

**Construction of statute concerning automobile standing in street.**

1. Construing section 2632, G. S. 1913, prohibiting the leaving of an automobile upon a public street unattended and with the motor running, it is *held* that the person left in attendance has no authority under the statute to set the automobile in motion without permission from the owner or driver, merely because the motor was left running. The purpose of the statute requiring someone to be in attendance, is to guard against the possibility of the automobile being set in motion. It is the duty of the person in attendance to see that the automobile remains stationary where it was stopped.

[1]Reported in 198 N. W. 302.

**Where leaving motor running is not proximate cause of injury to pedestrian.**

2. The act of the owner and driver in leaving the motor running is not a proximate cause of an injury to a pedestrian, inflicted when the person in attendance wrongfully attempted to move the automobile from the place where the owner left it.

Action in the district court for Hennepin county by the administrator of the estate of John P. Kennedy, Sr., deceased, to recover $7,500 for the death of his intestate and $450 special damages. The case was tried before Baldwin, J., who when plaintiff rested denied the motion of defendant Hedberg to dismiss the action as to him and at the close of the testimony denied his motion for a directed verdict, and a jury which returned a verdict for $4,775. The motion of defendant Hedberg for judgment notwithstanding the verdict was granted. From judgment notwithstanding the verdict, plaintiff appealed. Affirmed.

*C. E. Warner* and *Ray M. Hughes*, for appellant.

*Ware & Melrin*, for respondent.

LEES, C.

Action for damages for the death of John P. Kennedy, resulting from the negligent driving of an automobile on Fourth street between Nicollet and Marquette avenues in the city of Minneapolis on June 14, 1919. Plaintiff, the administrator of the estate of the deceased, had a verdict against both defendants. The court granted the motion of the defendant Hedberg for judgment notwithstanding the verdict. Judgment was accordingly entered against the defendant Day only, and plaintiff appealed.

Hedberg acquired a Dodge car on the day of the accident. In the evening he drove it about the streets of Minneapolis accompanied by the defendant Day. Hedberg had a notice to be inserted in the Minneapolis Tribune, drove to the Tribune building, and stopped his car in front of a restaurant on the south side of Fourth street. He stopped about 15 feet west of an alley which enters Fourth street on the east side of the restaurant and went into the Tribune Building, leaving Day in the car with the remark that he would

"be back in a minute." There was evidence which would warrant the jury in finding that Hedberg left the motor running, and the case was submitted under instructions that there could be no recovery against him unless this was what he did.

In Hedberg's absence Day moved over into the driver's seat and undertook to change the position of the car, thinking it stood where parking was forbidden. He had never driven a Dodge before, had never driven any car for Hedberg, and had no authority from him to move the car on the occasion in question. He attempted to back the car away from the curb, but set it in motion in such a way that it ran forward over the curb and upon the sidewalk, which was thronged with peoeple, and, before it stopped, he ran down and fatally injured Mr. Kennedy and struck and injured two other persons. His gross negligence is conceded and the judgment against him is not questioned on this appeal.

The court granted judgment in favor of Hedberg on the theory that Day was not his agent in charge of the car, that he was not responsible for his acts, and that the failure to stop the motor was not a proximate cause of the accident.

The statute, section 2632, G. S. 1913, provides that "no such motor vehicle shall be permitted to remain standing upon any public street * * * unattended * * * at any time with the motor running." The proper construction of this statute is first to be considered.

Hedberg did not leave his car unattended. He left Day in it. Day was his agent for some purpose. What was the nature and scope of the agency? As we read the statute, this is what the legislature had in mind: When a car is left on the street with no one in charge of it and without stopping the motor, children or other intermeddlers may get into the car, set it in motion, and inflict injury upon other persons or their property. There is also a possibility that a car may be set in motion without the intervention of any human agency, if it is unattended and the motor is running. So long as the car is stationary, no one is endangered by the running of the motor. Possibly when the statute was first enacted the legislature had in mind the fact that horses had not be-

come accustomed to automobiles and that the noises of the motors in use in those days were likely to frighten them. As we construe the statute, it requires someone to be in attendance to guard against the possibility of the movement of the car and perhaps to stop the motor if the situation mentioned in the second paragraph of section 2634, G. S. 1913, should arise. Under the statute, the attendant has no authority to set the car in motion without permission from the owner or driver merely because the motor was left running. There is no claim that Hedberg authorized Day to move the car from the place where it was stopped. Day was a full-grown man, apparently possessed of ordinary intelligence. Hedberg could not anticipate that in his momentary absence Day would act as he did. Under the construction we place upon the statute, Day had no authority to set the car in motion. His authority was limited to seeing that the car remained stationary.

The second question is whether Hedberg's failure to stop the motor was a proximate cause of the fatal injury to Mr. Kennedy. We answer it in the negative.

We have here a responsible human agency intervening between Hedberg's act and the injury. The fact that the motor was running simply eliminated one of the steps Day had to take to set the car in motion. Without his intervention the car would have remained where Hedberg left it.

It is unnecessary to enter upon a discussion of the doctrine that legal responsibility for an accidental injury cannot be fastened upon a man, unless his act or failure to act was the proximate cause of the injury. If his act or omission only became injurious through some distinct wrongful act of another, the last act is the proximate cause and the injury will be imputed to it. The doctrine was applied in Peterson v. Martin, 138 Minn. 195, 164 N. W. 813, and in Childs v. Standard Oil Co. 149 Minn. 166, 182 N. W. 1000, cases in point here. In a legal sense there was no causal connection between Hedberg's failure to stop the motor and the accident. His omission was merely an incident in the sequence of events which preceded the accident. Upon this feature of the case, Den-

son v. McDonald, 144 Minn. 252, 175 N. W. 108, is decisive. See also Robertson v. Spitler, 153 Minn. 395, 190 N. W. 992.

Griggs v. Fleckenstein, 14 Minn. 62, (81), 100 Am. Dec. 199, upon which appellant relies, is not in point. The team which ran away and inflicted the injury was left on a public street without being hitched. One who leaves a team of horses unattended should know that they may take fright and run away. Obviously the owner of an automobile has no reason to apprehend that in his momentary absence the person he leaves in it will drive it over the curb and on to the sidewalk, even though the motor was left running.

Neither is the appellant aided by Schaar v. Conforth, 128 Minn. 460, 151 N. W. 275. That case enunciates the principle that liability follows the disobedience of a statute when one for whose protection it was enacted is injured as the result of such disobedience. Hedberg was not guilty of disobeying the statute; he did not leave his car unattended. Neither was the injury to Mr. Kennedy the result of the alleged disobedience; it was the result of Day's act.

We have examined the cases cited by both parties upon the point under discussion but find little in them bearing directly upon it. Berman v. Schultz, 84 N. Y. Supp. 292, Lee v. Van Buren, 190 App. Div. 742, 180 N. Y. Supp. 295; Gumbrell v. Clausen-Flanagan Brewery, 199 App. Div. 778, 192 N. Y. Supp. 451; Squires v. Brooks, 44 App. Cas. 320, and the cases collected in Huddy, Automobiles, §§ 291 and 342, illustrate the point in controversy. Most of these cases involved the negligence of the owner of a motor vehicle in leaving it unattended without taking any precautions to prevent boys playing about the place where it was left from setting it in motion. Such cases differ from this in that it is a matter of common knowledge that boys are likely to experiment with the operation of any mechanism which can be set in motion, whereas it is unreasonable to suppose that a person who has reached years of discretion will do so.

We reach the conclusion that Hedberg is not blamable for the disastrous consequences of Day's misconduct. The ruling of the trial court was correct and the judgment is accordingly affirmed.