## OLGA EDBLAD v. LEE BROWER.[1]

November 22, 1929.

No. 27,459.

[1]Reported in 227 N. W. 493.

466

*George H. Spear*, for appellant.
*Galen E. Bush*, for respondent.

HOLT, J.

Defendant, Lee Brower, appeals from the order denying his motion in the alternative for judgment non obstante or a new trial.

Plaintiff was injured in an automobile accident which happened about one o'clock in the morning of May 5, 1928, on the 18-foot paved state highway running between Carlton and Cloquet. The circumstances were these:

As one Gardner, his wife, and plaintiff were driving on this highway from Cloquet towards Carlton the righthand rear tire of their automobile went flat, and they stopped to change tires, the car being almost wholly off the pavement. All got out of the car and were behind it. About as the change was being finished, Brower with two companions driving from Carlton to Cloquet drew to the left side of the pavement and stopped some 40 feet beyond the rear of the Gardner car, then backed towards it so that the space between

the rear of the two cars was 15 or 20 feet. This placed the Brower car on the wrong side of the road. Brower and his companions stepped back of their car into the space where the occupants of the Gardner car were standing, offering to assist the latter. As they were so standing, a car coming from Cloquet, driven by one Twet, a servant of Liggett & Myers Tobacco Company, approached rapidly. Someone of those between the two standing cars, sensing danger of a collision, shouted a warning, but too late. Twet's car struck appellant's, driving it back against the Gardner car, striking down and injuring plaintiff and others. Twet and his employer were codefendants in the action, but it was dismissed as to them before trial under an agreement not to sue. Appellant alleged the agreement not to sue to be in fact a compromise and settlement of the cause of action and hence a good defense.

Appellant's main contention is that Twet's negligence was the sole proximate cause of the injury or, in other words, the independent, efficient cause thereof. He claims the presence of his car there was the occasion, but not in a legal sense a contributing cause, of the injury to plaintiff, citing Denson v. McDonald, 144 Minn. 252, 175 N. W. 108. Also Goneau v. M. St. P. & S. S. M. Ry. Co. 154 Minn. 1, 6, 191 N. W. 279, 281, where it was stated that a violation of the federal safety appliance act, "if the testimony of defendant's witnesses is true, was simply one of a series of antecedent events without which the accident would not have happened, and was not in a legal sense the proximate cause of the injury." In support of the contention that it appears as a matter of law that Twet's negligence was the sole proximate cause of the collision, appellant also relies on Childs v. Standard Oil Co. 149 Minn. 166, 182 N. W. 1000, and Kennedy v. Hedberg, 159 Minn. 76, 198 N. W. 302. From the opinions in the cases cited we are unable to draw the conclusion that the facts in the case at bar warrant the court in ruling as a matter of law that appellant's negligence did not directly and proximately contribute to plaintiff's injury.

In the Denson case, 144 Minn. 252, 175 N. W. 108, the plaintiff's auto was parked near a water hydrant in violation of an ordinance

not intended to promote the safety of travel. The defendant negligently drove a truck against the auto. It is plain the illegal parking was not a proximate contributory cause of the collision. Properly and lawfully it could have been moving in the place it was parked at the time of the collision.

In the Goneau case, 154 Minn. 1, 191 N. W. 279, it was held that if the jury found that the defective coupler had been repaired and the accident to Goneau occurred thereafter while stepping off the bridge in giving signals, the violation of the safety appliance act would not be a proximate cause but merely the occasion of his injury.

The Childs case, 149 Minn. 166, 182 N. W. 1000, plainly shows that the effect of the negligent spilling of the kerosene had been noticed by plaintiff's servants, who undertook to prevent any injurious results; but another servant with knowledge of the situation did the thing which caused the destruction. It was held that the plaintiff's servants "insulated" the original negligence of the defendant from the injury.

In the Hedberg case, 159 Minn. 76, 198 N. W. 302, there was in fact no violation of law and no negligence on the part of the defendant, and it has no bearing on the question of proximate cause.

In the case at bar, if the jury accepted the testimony of Twet that the lights of appellant's car on the wrong side of the road deceived him as to the position thereof until too late to avoid the collision, the conclusion properly could follow that appellant's negligence in, stopping where he did proximately contributed to cause plaintiff's injury. That Twet's negligence also contributed more thereto does not relieve appellant. The latter's car was still in a negligent position when the accident occurred and by that position efficiently contributed to produce it. The fact that the drivers of a bus and of other cars drove so carefully that the negligent parking of appellant's car was discovered in time to enable them to pass safely on the wrong side thereof was for the jury's consideration, but does not prove as a matter of law that appellant's negligence was not a contributing proximate cause of the injury to plaintiff. Twet

claimed and testified that as he approached the point of collision another car was coming from Carlton, and from the position of the lights on that car and appellant's he concluded the one was passing the other. It is to be remembered that this was in the nighttime when drivers of cars judge of the position in the road of other motor vehicles by the headlights thereof.

Much was made in the argument of Twet's estimate of distances at which he discovered that appellant's car was on the wrong side, at which he applied the brakes, and so on. Of what value, or lack of value rather, such estimates are, made suddenly, in the dark, and in moments of excitement and peril, was for the jury. However the negligence of Twet, no matter how great, does not absolve appellant from responsibility if the latter's negligence also proximately contributed to cause the collision.

Error is assigned upon the refusal to give a request based upon this sentence in Moon v. N. P. R. Co. 46 Minn. 106, 110, 48 N. W. 679, 680, 24 A. S. R. 194:

"And if the original wrong only becomes injurious through some distinct wrongful act or neglect of another, the last wrong is the proximate cause, and the injury should be imputed to the last wrong, and not to that which is more remote."

Discussion in an opinion of principles of law appropriate to a given state of facts are not always suitable for instructions to a jury. Carter v. Duluth Yellow Cab Co. 170 Minn. 250, 212 N. W. 413. Upon no testimony in the case at bar could the jury view Twet's negligent driving as *distinct* from the deceptive position which the act of appellant gave his car by stopping on the wrong side of the road with the headlights lit. The court gave full and accurate instructions in respect to proximate cause; and in our opinion there was no error in refusing the proffered instruction, which told the jury that if the conduct of Twet in driving his car was distinctly wrongful and negligent appellant's parking on the left side of the highway was not the proximate cause of plaintiff's injuries provided they occurred only through the wrongful and negligent conduct of Twet.

We think it so clear that the law of the road forbids stopping an automobile as and where appellant did that we shall not discuss the assignment of error on that part of the charge which advised the jury that it was negligence to do so, and that if such negligence was a "proximate or direct cause of the collision" there was liability, unless plaintiff's own negligence contributed thereto.

Brower, having negligently placed his car in a position forbidden by law, was not entitled to the second and third requested instructions, to the effect that he had the right to anticipate due care from the drivers of approaching cars, without a qualification that the latter had also the right to anticipate that he had exercised due care and was on the proper side of the road until they discovered the contrary. The proffered instructions had no similar qualification.

There remains one ground upon which defendant relies for judgfent notwithstanding the verdict. As already indicated, Twet and his employer were named defendants, but the case had been dismissed as to them before the trial. At the trial the answer was amended so as to plead a settlement of the cause of action with them. It appears that they had paid $600 to plaintiff for what she claims was a covenant not to sue. The court submitted the question to the jury whether there was a release or only an agreement not to sue. The verdict establishes that as between plaintiff and Twet and his employer the contract was a covenant not to sue. The contract was in writing, but we are of opinion that the learned trial court was right in the view that as to appellant the writing was not controlling, and that oral testimony could be adduced to show the true intent of the parties to it. It is quite clear from plaintiff's testimony that she did not appreciate the difference between a settlement and release of a cause of action and a covenant not to sue. The agreement was made by plaintiff's attorney and an attorney for Twet and his employers. The attorney for the latter took the witness stand, and from his testimony the jury were fully warranted in finding the agreement was no more than a covenant not to sue joint tortfeasors.

We find no reversible error in the record.

The order is affirmed.