SQUARE A. ROBINSON v. WALTER BUTLER AND ANOTHER.
TORG KNUDSEN, RESPONDENT.[1]

July 2, 1948.

No. 34,685.

---

[1]Reported in 33 N. W. (2d) 821.

492

*John H. McGuigan* and *Robert J. McGuigan,* for appellant.
*Murnane & Murnane,* for respondent.

KNUTSON, JUSTICE.

Plaintiff appeals from an order sustaining a general demurrer interposed by defendant Torg Knudsen to his second amended complaint.

Plaintiff's complaint alleges that at about 10 a. m. on February 12, 1947, he was driving an automobile owned by one Zena Butler in a westerly direction upon trunk highway No. 12 in the state of Minnesota; that defendant Walter Butler was riding as a passenger in the front seat with plaintiff; that defendant Torg Knudsen was driving his automobile in the same direction upon said highway; that, when a short distance west of Montrose, Knudsen, in attempting to pass plaintiff, turned into the left lane of the highway and increased his speed so as to bring his automobile approximately abreast of the car plaintiff was driving; that at the same time there was a cattle truck approaching from the west; that the highway was a two-lane highway of ordinary width and that it would not permit passage of the cattle truck and Knudsen's car at the same time; that plaintiff was placed in a perilous position and in order to save himself turned his automobile to the right in an effort to get off the highway and onto the shoulder of the road; that defendant Butler suddenly grabbed the steering wheel and turned the automobile to the left, causing it to travel across the highway and into the ditch on plaintiff's left side, where it struck a telephone guy wire and turned over a number of times, causing plaintiff's injuries. It further appears from the complaint that plaintiff's automobile did not come into contact with either the cattle truck or the Knudsen automobile.

It is the contention of Knudsen that the act of Butler constituted an efficient intervening force relieving Knudsen of any liability. Plaintiff contends that the negligence of Knudsen set in motion a series of events which culminated in the accident, and that the negligence of the two defendants constituted concurrent and successive acts, both proximately contributing to the damages of which he complains.

1. A demurrer admits all material facts well pleaded, including all necessary inferences or conclusions of law which follow from such facts. 5 Dunnell, Dig. & Supp. § 7542. It raises an issue of law for the court's determination. Smith v. Smith, 204 Minn. 255, 283 N. W. 239; 5 Dunnell, Dig. & Supp. § 7540. It does not admit bare conclusions. Griggs v. City of St. Paul, 9 Minn. 231 (246); State ex rel. County of Morrison v. Babcock, 161 Minn. 80, 200 N. W. 843; McGuigan v. Allen, 165 Minn. 390, 206 N. W. 714; Gile v. Yellow Cab Corp. 177 Minn. 579, 225 N. W. 911.

Plaintiff contends that the following allegation in the complaint adequately sets forth facts necessary to establish the causal relation between the negligence of defendant Knudsen and the ultimate result:

"* * * that defendant Knudsen's conduct herein set in motion the series of events which resulted in plaintiff's injuries and that the aforementioned conduct on the part of defendant Knudsen constitutes negligence."

These allegations are conclusions, not facts, and, as such, are not admitted by the demurrer. Henderson v. City of St. Paul, 216 Minn. 122, 11 N. W. (2d) 791. Nor do they help plaintiff in stating a cause of action.

2. Much has been written and many attempts have been made to define proximate cause. A comparison of all the cases on the subject often is of little help and leads to much confusion. Probably the best definition of proximate cause is that stated by Mr. Justice Mitchell, speaking for the court in Christianson v. C. St. P. M. & O. Ry. Co. 67 Minn. 94, 97, 69 N. W. 640, 641, as follows:

"* * * if the act is one which the party ought, in the exercise of ordinary care, to have anticipated was liable to result in injury to others, then he is liable for any injury proximately resulting from it, although he could not have anticipated the particular injury which did happen. Consequences which follow in unbroken sequence, without an intervening efficient cause, from the original negligent act, are natural and proximate; and for such consequences the original wrongdoer is responsible, even though he could not have foreseen the particular results which did follow."

Professor William L. Prosser, in his article on the subject in 21 Minn. L. Rev. 21, points out that a consideration of proximate cause must necessarily involve several distinct problems. Among them are the problems of (1) the fact of causation; (2) responsibility for events which could not reasonably be foreseen or anticipated; (3) liability to persons to whom no harm could reasonably be anticipated; (4) intervening forces; (5) the amount of damages; and (6) shifting responsibility to others.

We are here primarily concerned with only one of these problems, namely: Was the act of defendant Butler in grabbing the steering wheel of the automobile which plaintiff was driving and swinging the vehicle to the left across the highway and into the ditch on plaintiff's left side such an intervening force as to supersede the original negligence of defendant Knudsen?

"* * * 'Intervening force' is a term easier of comprehension than of exact definition." (Prosser) 21 Minn. L. Rev. 37.

Restatement, Torts, § 441, defines an intervening force thus:

"An intervening force is one which actively operates in producing harm to another after the actor's negligent act or omission has been committed."

*Id.* § 442 points out considerations important in determining whether an intervening force is a superseding cause. These considerations are:

"(a) the fact that its intervention brings about harm different in kind from that which would otherwise have resulted from the actor's negligence;

"(b) the fact that its operation or the consequences thereof appear after the event to be extraordinary rather than normal in view of the circumstances existing at the time of its operation;

"(c) the fact that the intervening force is operating independently of any situation created by the actor's negligence, or, on the other hand, is an act done as a normal response to such a situation;

"(d) the fact that the operation of the intervening force is due to a third person's act or to his failure to act;

"(e) the fact that the intervening force is due to an act of a third person which is wrongful towards the other and as such subjects the third person to liability to him;

"(f) the degree of culpability of a wrongful act of a third person which sets the intervening force in motion."

We must of necessity apply the rules in each case in the light of the facts existing in that particular case. In Moores v. N. P. Ry. Co. 108 Minn. 100, 101, 121 N. W. 392, we said:

"* * * Theorize as we may on the subject of proximate cause, it is in its last analysis a question of good common sense, to be solved by a practical consideration of the evidence in each particular case."

In Kennedy v. Hedberg, 159 Minn. 76, 198 N. W. 302, defendant Hedberg stopped his Dodge car on a street in Minneapolis and left it with the motor running while he went on an errand, intending to be gone only a short time. Defendant Day, who was riding with Hedberg, remained in the car. He attempted to move it backward, but, not having ever driven a Dodge before, set it in motion in such a way that it went forward over the curb and upon the sidewalk, striking and fatally injuring plaintiff's decedent. Judgment notwithstanding the verdict for defendant Hedberg was affirmed on appeal. With respect to proximate cause, we said (159 Minn. 79, 198 N. W. 303):

"We have here a responsible human agency intervening between Hedberg's act and the injury. The fact that the motor was running simply eliminated one of the steps Day had to take to set the car in motion. Without his intervention the car would have remained where Hedberg left it.

"* * * legal responsibility for an accidental injury cannot be fastened upon a man, unless his act or failure to act was the proximate cause of the injury. If his act or omission only became injurious through some distinct wrongful act of another, the last act is the proximate cause and the injury will be imputed to it."

It is true that we held in Edblad v. Brower, 178 Minn. 465, 227 N. W. 493, that there was in fact no violation of law in leaving the car as it was parked in that case and that the case has no bearing on the question of proximate cause, still the language of the court with respect to what is an efficient intervening cause is pertinent here.

In Peterson v. Martin, 138 Minn. 195, 198, 164 N. W. 813, 814, we said:

"* * * if, subsequent to the original negligent act, a new cause has intervened, of itself sufficient to stand as the cause of the injury, the original negligence is too remote."

In Childs v. Standard Oil Co. 149 Minn. 166, 170, 182 N. W. 1000, 1001, we said:

"The fact that damage would not have happened but for defendant's tortious act does not, as a matter of law, necessitate the conclusion that such act was the proximate cause of the damage. If it only became injurious through some distinct wrongful act or neglect of another, the last wrong is the proximate cause, and the injury will be imputed to it and not to that which is more remote. The test usually applied is this: Has an independent responsible agent intervened between the first wrongdoer and the plaintiff and the continuous sequence of events been interrupted or turned aside so as to produce a result which would not otherwise have followed? If so, the original wrongdoer ceases to be responsible."

"*  *  * Where the intervening act is of such a nature that it would be unreasonable to expect a prudent man to anticipate its happening, he will not be responsible for damage resulting solely from the intervention." 38 Am. Jur., Negligence, § 79.

It is obvious that in this case plaintiff had his automobile under full control. Had he been forced off the road to his right, a different situation would have been presented. Even after the vehicle was forced to the left by Butler, it missed both the Knudsen car and the oncoming cattle truck. Had Butler not interfered with plaintiff's driving, no harm would have resulted.

Tested in the light of the above rules, we believe that the act of Butler was unforeseeable; that it was not the normal response to the situation created by Knudsen; and that it was so extraordinary that it must be held to constitute an efficient intervening cause.

Affirmed.

[1]Reported in 33 N. W. (2d) 838.