## DELIA A. GOEDE v. R. J. RONDORF AND ANOTHER.[1]

June 9, 1950.

No. 35,151.

*G. P. Mahoney* and *John S. Morrison,* for appellant.
*A. J. Casey* and *Victor M. Petersen,* for respondent.

KNUTSON, JUSTICE.

Action for wrongful death brought by the special administratrix of the estate of William P. Goede, deceased. The latter met his death as the result of an automobile accident in Hopkins, Minnesota, about 2:50 a. m. January 1, 1947. The jury returned a verdict for plaintiff in the sum of $5,000.

---

[1]Reported in 43 N. W. (2d) 770.

The accident occurred on Excelsior avenue, west of Fifth avenue north, in Hopkins. The former is a main thoroughfare extending in an east-west direction. Fifth avenue north joins it from the north, but does not cross it.

Just prior to the accident, decedent, his wife (plaintiff here), two brothers, and Monica Schmeidel were driving west in decedent's car on Excelsior avenue, approaching Fifth avenue north. Decedent was driving at a speed of about 15 miles per hour and intended to turn to the right on Fifth avenue north in traveling to his home, which was located about a block and a half north of Excelsior avenue.

As decedent approached Fifth avenue north, defendant entered Excelsior avenue from a private driveway of the Marathon gasoline station, which was located on the south side of Excelsior avenue just east of Fifth avenue north. He turned to the left and intended to drive west on Excelsior avenue. As he turned to the left from the Marathon station and attempted to get onto the right-hand side of Excelsior avenue, the right rear bumper of his car came in contact with and hooked onto the left front fender of decedent's car. Without stopping, defendant continued along Excelsior avenue, crossed Fifth avenue north, and continued for about 314 feet, dragging decedent's car after him that distance. He finally brought his car to a stop, with decedent's car still attached thereto, on Excelsior avenue about 106 feet west of the west line of Fifth avenue north. At this point Excelsior avenue is 40 feet in width from curb to curb. At the time of the accident, its surface was covered with ice, was slippery and hazardous. Snowbanks which had been collected by the snowplow extended into the street a distance of from four to five feet from the curb on the north side of the avenue, and there was also some snow on the opposite side, but the record does not show how much.

The exact location of the cars when they came to a stop is somewhat in dispute. Defendant testified that he stopped his car so that the right side thereof was about two feet from the snowbank on the north side of the street, facing at an angle pointing

toward the north curb. This would leave the left rear of his car extending a substantial distance into Excelsior avenue. Decedent's car was hooked onto the rear of defendant's car, so that it was about a car's width to the north of defendant's car. While plaintiff testified at one time that defendant's car was about in the middle of Excelsior avenue, a thorough examination of the record indicates that by the middle of the avenue plaintiff meant the entire distance between the snowbanks on each side of the avenue, or, to put it in other words, she meant the traveled portion of the whole avenue. More specifically, her testimony was that the right-hand side of the Goede car was not over one and one-half feet from the snowbank at the north edge of the street and that the snowbank extended from four to five feet out from the curb. The whole street being 40 feet in width from curb to curb, that would leave 20 feet on each side of the center line. The two cars, one of which was a Ford and the other a Chevrolet, were of ordinary width. Their being hooked together as they were could not by any mathematical calculation place either car over the center line.

After the cars were thus halted, decedent left his car by his left front door and walked toward his left front bumper to ascertain what the trouble was. At the same time, defendant left his car and walked toward its rear and toward decedent. After decedent had walked only some three feet, he was struck by an unidentified car traveling east on Excelsior avenue at a high rate of speed. This car did not stop, and, from the testimony of all the witnesses, it is clear that no one saw the car or identified it. It is not clear how this car could have missed defendant, who was farther out into the street than decedent, unless it swerved or turned momentarily after passing defendant. Decedent was also shielded by defendant's car. Decedent died as a result of the impact. The hit-run car proceeded in an easterly direction and disappeared. It has never been identified, nor has it ever been ascertained who the driver was.

At the trial, plaintiff based her right to recover upon defendant's negligence in striking decedent's car; in dragging it beyond

Fifth avenue north, where decedent intended to turn; in not pulling into one of several driveways before stopping; and in finally stopping it on the heavily traveled and icy thoroughfare of Excelsior avenue, without regard to oncoming traffic, leaving decedent and his car in this position of danger.

At the close of the testimony, the court denied defendant's motion for a directed verdict based on the ground that plaintiff had failed to establish any actionable negligence on defendant's part proximately causing or contributing to decedent's death. After a verdict in favor of plaintiff, the court denied defendant's motion for judgment notwithstanding the verdict based upon the ground that the court erred in denying his motion for a directed verdict. This appeal is from the judgment entered in plaintiff's favor.

The only question presented here is whether defendant's negligence, which is conceded by defendant, proximately caused or contributed to the death of plaintiff's decedent. Defendant contends that the acts of the driver of the eastbound car, being later in point of time, effectively intervened to turn aside the consequences of the original negligence of defendant so as to relieve him of liability.

In dealing with the question of proximate cause, the question of what is an intervening cause which will supersede the original negligence of a wrongdoer is always a troublesome one and one on which it seems to be difficult to procure unanimous agreement from any given set of facts. The applicable rules of law in themselves are not too difficult to comprehend, but the application of the accepted rules to a given set of facts always seems to arouse disagreement. We adhere to the rule of Christianson v. C. St. P. M. & O. Ry. Co. 67 Minn. 94, 97, 69 N. W. 640, 641, where we said:

"What a man may reasonably anticipate is important, and may be decisive, in determining whether an act is negligent, but is not at all decisive in determining whether that act is the proximate cause of an injury which ensues. If a person had no reasonable ground to anticipate that a particular act would or might result

in any injury to anybody, then, of course, the act would not be negligent at all; but, if the act itself is negligent, then the person guilty of it is equally liable for all its natural and proximate consequences, whether he could have foreseen them or not. Otherwise expressed, the law is that if the act is one which the party ought, in the exercise of ordinary care, to have anticipated was liable to result in injury to others, then he is liable for any injury proximately resulting from it, although he could not have anticipated the particular injury which did happen. Consequences which follow in unbroken sequence, without an intervening efficient cause, from the original negligent act, are natural and proximate; and for such consequences the original wrongdoer is responsible, even though he could not have foreseen the particular results which did follow."

The principal difficulty arises in a determination of what is an efficient intervening cause which will break the sequence of events, a continuance of which is a prerequisite to liability. As in Robinson v. Butler, 226 Minn. 491, 33 N. W. (2d) 821, 4 A. L. R. (2d) 143, we are here concerned only with the question of intervening force which will supersede the original negligence of defendant. We think that the negligence of the hit-run driver was such an intervening force.

When the two cars, hooked together, came to a stop, they were well over on the north half of the highway. Whether we assume that the cars were parked parallel to the street, so that the lights of the cars might confuse or bother an approaching driver, or at an angle facing to the north curb, as the testimony clearly shows the facts to be, the result is the same. If the cars were parallel to the street, defendant's car would be farther out into the street than if they stood at an angle, and it would furnish even more of a shield to decedent than if they stood at an angle. No matter how they stood, it is almost impossible to explain how plaintiff's decedent could have been hit. Speculation as to a possible explanation does little to solve the mystery. How the approaching car could miss hitting defendant, who stood on the left side of his car,

much farther out into the street than was decedent, miss both cars, and still hit decedent, who was shielded by defendant's car, will probably always remain a mystery. Under these circumstances, it would be unreasonable to hold that when defendant stopped as he did, well over on his half of the pavement, to unhook the two cars, he could or should have anticipated that harm would result in such an unpredictable and unexplainable fashion. That he was negligent in hooking onto the Goede car in the first place is conceded. When he came to a stop on the north half of the pavement, his negligence had ceased to operate as a potential hazard to decedent. Defendant was in no way responsible for the negligent operation of the hit-run car, and the only basis upon which liability can possibly be sustained is that the Goede car would not have been in the position where it was when decedent was struck had it not been for the original negligence of defendant in hooking onto the Goede car. What we said in Childs v. Standard Oil Co. 149 Minn. 166, 170, 182 N. W. 1000, 1001, applies here. We there said:

"The fact that damage would not have happened but for defendant's tortious act does not, as a matter of law, necessitate the conclusion that such act was the proximate cause of the damage. If it only became injurious through some distinct wrongful act or neglect of another, the last wrong is the proximate cause, and the injury will be imputed to it and not to that which is more remote. The test usually applied is this: Has an independent responsible agent intervened between the first wrongdoer and the plaintiff and the continuous sequence of events been interrupted or turned aside so as to produce a result which would not otherwise have followed? If so, the original wrongdoer ceases to be responsible."

The facts do not bring this case within the doctrine of such cases as Benson v. Hoenig, 228 Minn. 412, 37 N. W. (2d) 422, which is relied upon by plaintiff. In that case, the original negligent act set in motion a force which was transmitted from one actor to another, eventually culminating in harm to the injured person.

Here, the negligent act of defendant had nothing to do with causing the negligence of the hit-run driver. The negligence of the hit-run driver was not the result of any act of defendant, but was entirely independent thereof.

It cannot be said that it reasonably could have been foreseen by defendant that when he stopped as he did a driver approaching from the west might unlawfully cross the center line and in some mysterious manner reach plaintiff's decedent, shielded as he was by defendant's automobile. If the cars had stopped on their side of the highway, as was done here, for some other purpose, without being hooked together, and the same accident had happened, no one would claim that the injuries to decedent were the proximate result of defendant's stopping as he did. The negligence of the hit-run driver in this case was such an efficient intervening cause and so entirely separate from the negligence of defendant that it must be held as a matter of law that the proximate cause of decedent's injuries was the negligence of the hit-run driver and not that of defendant.

Reversed.

THOMAS GALLAGHER, JUSTICE (dissenting).

At the point where the two cars were brought to a stop Excelsior avenue is 40 feet from curb to curb. Its surface, then covered with ice, was slippery and hazardous. Snowbanks extended four or five feet from the curb on the north side of the avenue, and there was also some snow on the opposite side. This lessened considerably the available width for driving.

The position in which the cars were brought to a stop at an angle left both of them extending a substantial distance into Excelsior avenue. Decedent's wife testified that defendant's car was about in the middle of Excelsior avenue. The lights on both cars were on.

There is no testimony that anyone saw the eastbound car approaching. Decedent's view, of course, was cut off by defendant's car as the cars moved along Excelsior avenue and after they had stopped. Defendant offers no explanation as to his failure to ob-

serve the eastbound car at this time, although the brief interval between the time the cars came to a stop and the impact indicates that it must have been rather close upon defendant's car at the time he stopped.

■ The law seems fairly well established by our prior decisions that before an intervening cause may relieve a defendant of responsibility for his negligence it must appear that it would have been unreasonable to expect that an ordinarily prudent man would have anticipated the happening of such cause or would have anticipated the results which followed his acts, even though the particular intervening cause bringing them about was not foreseeable. McDowell v. Village of Preston, 104 Minn. 263, 116 N. W. 470, 18 L. R. A. (N. S.) 190; Robinson v. Butler, 226 Minn. 491, 33 N. W. (2d) 821, 4 A. L. R. (2d) 143; Prosser, *Minnesota Court on Proximate Cause,* 21 Minn. L. Rev. 19, 53. Unless the facts are undisputed, whether the happening of such cause or factor should have been reasonably anticipated by the original wrongdoer is a question for the jury. Grant v. City of Brainerd, 86 Minn. 126, 90 N. W. 307; Johnson v. Sunshine Creamery Co. 200 Minn. 428, 274 N. W. 404. Cf. Robinson v. Butler, *supra.*

■ Applying these principles here, I cannot escape the conclusion that it was for the jury to determine whether defendant should have reasonably anticipated whether the time, place, and manner of his parking his car with decedent's car attached thereto might cause an oncoming car to collide with decedent as he walked forward to ascertain the trouble; or whether he should have reasonably anticipated that an accident was likely to follow his acts, even though the direction of the particular force producing it could not have been foreseen.

It must be recalled that defendant stopped the two cars diagonally so that they extended out into the cleared portion of Excelsior avenue somewhere between the north curb and the center thereof. The headlights of both cars were on, creating and leaving a situation which may well have been confusing to eastbound traffic. The highway was icy and hazardous to drive upon, and snowbanks on

either side thereof narrowed the driving area considerably. New Year's eve celebrants might be expected to be then using it in both directions, returning to their homes, their powers of observation and timing possibly considerably impaired. Defendant thus brought the cars to a stop within full view of an oncoming speeding car blocked from decedent's view by defendant's car, and with the reasonable probability in mind that decedent would get out to assist in separating the two cars.

I do not believe that it would be said, as a matter of law, that a reasonably prudent man would not have anticipated that by acting as above described he was thereby creating a situation fraught with danger from oncoming drivers confused thereby, who in all probability would attempt to slow down, stop, or turn to avoid striking the parked cars or their owners moving about on the highway, with the likelihood of swerving or skidding on the icy pavement in so doing. It seems clear that the determination of this question was for the jury. Its finding thereon implies that it felt that defendant should have reasonably anticipated the danger from oncoming traffic and the resulting harm which might follow his actions, and that hence the acts of the oncoming driver did not constitute an intervening or efficient cause relieving defendant of liability. Edblad v. Brower, 178 Minn. 465, 227 N. W. 493; Rue v. Wendland, 226 Minn. 449, 33 N. W. (2d) 593.

For the reasons stated, I am unable to concur in the majority opinion.

FRANK T. GALLAGHER, JUSTICE (dissenting).

I concur in the dissent of Mr. Justice Thomas Gallagher.

MR. JUSTICE THEODORE CHRISTIANSON, not having been a member of the court at the time of the argument and submission, took no part in the consideration or decision of this case.