SLAYTON, ADMX., *v.* TRI-COUNTY MORTGAGE AND
INVESTMENT, INC., ET AL.

(No. 42836—Decided March 31, 1966.)

Common Pleas Court of Lake County.

*Mr. J. Melvin Andrews,* for plaintiff.
*Messrs. Endress & Endress,* for defendants Tri-County
Mortgage and Investment, Inc., and George Hanks.
*Messrs. Eardley & Wantz,* for defendant Fleegle.

SIMMONS, J.   Defendant Fleegle has moved for summary
judgment in his behalf.   The facts established by the deposi-
tions, together with all reasonable inferences favorable to plain-
tiff from those facts, are these:

Plaintiff's decedent Slayton was eastbound on the Lake land Freeway sometime between 3:00 a. m. and 4:00 a. m. on October 24, 1964. He was struck from behind by Fleegle who then collided with another car driven by one Weigner. Slayton stopped his car at the northerly side of the three eastbound lanes, about one thousand feet east of the stopped Fleegle and Weigner cars. He walked back to the latter and assisted in the ensuing police investigation. He complained of no injury and appeared normal.

Slayton then started walking back to his car, a period of time having elapsed variously estimated at from 20 minutes to one hour. He crossed from the south to the north side of the eastbound lanes and began walking east toward his car. He was walking on the pavement somewhere within the most northerly of the three lanes, the passing lane. There was a center berm at his left and a grassy median strip beyond.

When Slayton reached a point approximately 200 feet from his car he was struck and killed by an eastbound car driven by defendant Hanks. Before striking Slayton, Hanks passed two patrol cars which were stationed as traffic controls, each with a red light working. The nearer car was about 300 feet west of the death scene.

Plaintiff alleges in her amended petition that both Fleegle and Hanks were negligent and that their negligence concurred to proximately cause death. Fleegle claims that his negligence, if any, was a remote rather than proximate cause.

A journey into the realm of proximate cause and its sub-realms of "concurring causes," "intervening cause," "super-seding cause," "remote cause," "independent cause," "efficient cause," "dangerous force," "active hazard" and "fore-seeability," is a journey into limbo. Concepts applicable to a determination of negligence are merged with concepts of proximate cause. Foreseeability, admittedly a test of negligence, is en-grafted totally as a test of proximate cause in some decisions and texts. 39 Ohio Jurisprudence 2d, Section 30, page 532; *Adams* v. *Young*, 44 Ohio St. 80; *Daniels* v. *Ballantine*, 23 Ohio St. 532. It is partially engrafted in others. *Mudrich* v. *Standard Oil Company*, 153 Ohio St. 31; *Gedeon* v. *East Ohio Gas Company*, 128 Ohio St. 335, etc. and is rejected entirely by still others. *Ohio Casualty Insurance Company* v. *Davey Tree Company*,

85 Ohio Law Abs. 68; *Goede* v. *Rondorf*, 231 Minn. 322; see 2 Rutgers Law Review 196, Professor Scarborough and 39 Yale Law Journal 449-60, Professor Goodhart; also *various law journal articles of Professor Green, University of Texas Law School.*

The rationale underlying proximate cause as an essential issue in all negligence cases is that no actor ought to be held responsible for more than the natural, ordinary and reasonable consequences of his conduct. *Neff Lumber Company* v. *First National Bank*, 122 Ohio St. 302; 39 Ohio Jurisprudence 2d, Section 28, page 530 et seq. This issue, then, sets the extreme limits of responsibility. One wonders why courts have found it necessary to state more than this rationale in expressing the issue. Why has it not been possible to say that a defendant's conduct, if negligent, is the proximate cause of plaintiff's injury if the injury was a natural, ordinary, and reasonable consequence of the conduct; then stop. Certainly a jury or judge is as likely to arrive at a just result in a specific case on such instruction without the further burden of "probability," "reasonable anticipation," "foreseeable consequences" and like language which presently appears as the sina qua non of a proper charge. Even the presence of intervening conduct, whether of a third party or the plaintiff, is encompassable within the simple statement and, to this court, does not require reference to concepts properly belonging to the issue of whether defendant's conduct was negligent in the first instance.

But wish fulfilment is no acceptable tool for a trial judge. The reality is that the concepts of "foreseeability" and "active force or hazard" are very much a part of proximate cause, particularly in the presence of an intervening agent.

To the extent that any single rule can be discerned it may be expressed in this way:

Independent conduct of one other than the defendant which intervenes in time and space between the defendant's negligent conduct and plaintiff's injury, and which immediately produces the injury, is a superseding cause and absolves the defendant of liability—except when:

1. The intervening conduct was reasonably foreseeable, or
2. Defendant's conduct created an active force or hazard

with which, or through which, the intervening conduct operated, whether it was foreseeable or not.

*Thrash* v. *U Drive It*, 158 Ohio St. 465. *Mudrich* v. *Standard Oil Company (supra)*; *Neff Lumber Company* v. *First National Bank (supra)*; *Springsteel* v. *Jones & Laughlin Steel Corporation*, 26 Ohio Opinions 2d 229; Annotation and cited cases at 58 A. L. R. 2d, page 271, et seq.

Applying the rule to the facts of this case, neither exception applies. The conduct of Hanks in driving his car through a clearly announced zone of danger into Slayton, and the conduct of Slayton in walking upon the pavement of a passing traffic lane with his back to oncoming traffic, during the night time and on an unlighted stretch of road, all of which occurred between 20 to 60 minutes later in time than his accident and 800 feet distant from it, was not reasonably foreseeable by Fleegle as a matter of law.

Further, the condition of hazard which Fleegle negligently created was static, not active, at the time of the intervening conduct of Hanks and Slayton. The "dust" had long since settled. Slayton had removed himself from the hazard zone which Fleegle created. It was his conduct, concurring with Hanks, that created an altogether new hazard which resulted in his death.

This case is unlike the following cases in which it was held that the issue of proximate cause was one for a jury; *Mudrich* v. *Standard Oil Company (supra)*, where the defendant negligently spilled gas on station grounds, forming pools. Plaintiff child under eight years later jumped into a flaming pool his friend had ignited. In this case the defendant created an active and continuing hazard and the plaintiff was injured in consequence of the intervening conduct acting in concurrence with it.

*Neff* v. *First National Bank (supra)*. The defendant sold a shotgun to a minor who used it to shoot the plaintiffs. In this case, it was reasonably foreseeable that a shotgun would be shot and that a minor user might not be discriminating in his choice of targets.

*Springsteel* v. *Jones & Laughlin Steel Corporation (supra)*. In this case a rusted power pole of defendant company fell on the plaintiff when earth moving equipment was intentionally brought into contact with it. Again, the pole represented an

active and continuing hazard which directly produced injury to the plaintiff when acted upon by the intervening force.

*Marshall* v. *Nugente et al,* 222 F. 2d 604. In this case a truck driver negligently collided with a car carrying plaintiff. Plaintiff walked up a slippery road from the scene at defendant's instruction to flag down all oncoming traffic. An approaching car went out of control in trying to avoid the truck which blocked its lane and struck the plaintiff. In this case the second accident occurred within the hazard zone created by defendant's negligence. The court indicated that had plaintiff removed himself from the hazard zone, continued on his way and been injured, it could not have been chargeable to defendant.

This case is similar to the following cases which were decided for the defendant on the issue of proximate cause:

*Hedgecock* v. *Orlosky,* 220 Ind. 390. Plaintiff struck by defendant's car. While the cars were stopped he walked between them and was injured when defendant's car was struck by a third car. The court held that plaintiff's own act broke the causal chain and was independent and superseding.

*Stanton* v. *Clegg,* 106 N. Y. S. 2d 178. Defendant and plaintiff's cars blocked a street after an accident. 20 minutes later a second car approached and instead of stopping at the scene tried to maneuver through the debris and struck the plaintiff. It was held that a static condition resulted at the time of the intervening act and that the original negligent conduct was a remote, not proximate, cause of the injury.

*Lynch* v. *Martin,* 89 Pa. D and C, 461. After collision both cars were off the pavement. A short time elapsed and plaintiff crossed the street walking from his car to the defendant's car when hit by a third car. The court held that the original negligent conduct was not a proximate cause of injury since it did not create a force which was in continuous and active operation up to the time of injury. Also see cases cited at 58 A. L. R. 2d, page 287 et seq.

Upon consideration of the pleadings, the depositions, argument of counsel at the hearing and the law, the motion of defendant Fleegle is sustained and judgment dismissing him from the cause is granted.

*Judgment accordingly.*