J. C. SCHNORE v. THOMAS J. BALDWIN, *d. b. a.*
BALDWIN TRANSFER.[1]

May 12, 1944.

No. 33,777.

*Weyl & Holtz,* for appellant.
*Stacker & Stacker* and *George G. Chapin,* for respondent.

THOMAS GALLAGHER, JUSTICE.

Action for damages to plaintiff's automobile sustained as result of a collision with defendant's truck. The jury returned a verdict for plaintiff for $100. Defendant appeals from an order denying his alternative motion for judgment or a new trial.

[1]Reported in 14 N. W. (2d) 447.

The principal question presented on appeal is whether the court erred in denying defendant's request at the close of the testimony to charge the jury with reference to § 169.20, subd. 4 (§ 2720-199), which reads:

"The driver of a vehicle entering or crossing a highway from a private road or driveway shall yield the right of way to all vehicles approaching on such highway."

In a memorandum attached to the order denying defendant's motion, the court stated:

"The Court recollects no evidence in the case proving or tending to prove that Pascal Avenue [sic] at the point where the accident or collision occurred was a private driveway, and therefore would not be justified in so instructing the jury." (With reference to the aforesaid statute.)

Defendant asserts further that the evidence established plaintiff's contributory negligence as a matter of law, and that the court erred in submitting this issue to the jury.

The accident occurred March 1, 1943, about 6:15 p. m. in the city of St. Paul near the point where Pascal street, running north and south, intersects, at the south, St. Anthony avenue, which runs east and west. Pascal street does not extend beyond St. Anthony avenue to the north of the intersection. Slightly east of the point where Pascal street enters St. Anthony avenue, and north of the latter, is located a driveway leading from the Montgomery Ward parking lot to St. Anthony avenue. It is used by patrons of Montgomery Ward desirous of using the latter's parking lot.

About the time aforesaid, plaintiff, accompanied by his wife, left the parking lot to enter St. Anthony avenue and drive east thereon toward St. Paul. He drove out of the parking lot in a southerly direction toward St. Anthony avenue. He admits that he saw the sign over the parking lot driveway reading "Montgomery Ward Parking Lot," and that he drove under it in leaving the lot.

Plaintiff did not bring his car to a complete stop before entering St. Anthony avenue, but looked to the right and left for oncoming

traffic. He testified that his vision was unobscured for about a quarter of a block to the west, and that he did not observe defendant's truck approaching from his right on St. Anthony avenue. Upon leaving the parking lot, he traveled more than halfway across the avenue and, some 30 to 40 feet east of Pascal, turned left on St. Anthony to travel east thereon. Altogether he had traveled approximately 50 to 60 feet after leaving the lot when his car came in contact with defendant's truck.

Evidence was presented by defendant, including official records and maps of the city of St. Paul showing the location of the dedicated public streets at the place of the accident. It established that Pascal street does not continue beyond St. Anthony avenue at the place of the accident, and that there is no public or official street running north from St. Anthony avenue at the place where the latter is joined by Pascal street from the south. The testimony of the engineering clerk indicated that at one time at least half a street to the north of St. Anthony avenue had been platted, but that it had been vacated some time prior to the trial.

■ An examination of the evidence indicates that Montgomery Ward's parking lot driveway constitutes a "private road or driveway" within the meaning of the statutes. "Street or highway" is defined by § 169.01, subd. 29 (§ 2720-151[28]), as follows:

"The entire width between property lines of every way or place of whatever nature when any part thereof is open to the use of the public, as a matter of right, for purposes of vehicular traffic."

"Private road or driveway" is defined by § 169.01, subd. 30 (§ 2720-151[29]), as follows:

"Every way or place in private ownership and used for vehicular travel by the owner and those having express or implied permission from the owner, but not by other persons."

The foregoing statutes have been construed by this court in Merritt v. Stuve, 215 Minn. 44, 51, 9 N. W. (2d) 329, 333, where it was stated:

"It seems agreed that the test to be used in determining whether

a given roadway is public or private does not turn upon the amount of travel or use made thereof, but rather upon the right of the public generally to use the way for vehicular traffic."

Under the foregoing statutory definitions and our construction thereof in the Merritt case, it cannot be questioned that in the instant case the Montgomery Ward driveway fell within the definition of "private road or driveway." Had that company desired to close the same it had the right to do so, as well as the further right to limit the use thereof to particular classes of people or to particular hours of the day, and the public would have no right to complain of such limitations or restrictions. It seems clear from the foregoing that the driveway from the parking lot on which plaintiff was driving was a private roadway, and that in consequence the court should have charged the jury with reference to § 169.20, subd. 4 (§ 2720-199), above referred to, relating to the duty of a driver entering a highway from a private road or driveway to yield the right of way to vehicles approaching on such highway.

The court did instruct the jury with reference to § 169.19, subd. 1(2), (§ 2720-190[b]), which provides:

"The driver of a vehicle intending to turn at an intersection shall do so as follows:

\*   \*   \*   \*   \*

"(2)   Approach for a left turn on other than one-way roadways shall be made in that portion of the right half of the roadway nearest the center line thereof, and after entering the intersection the left turn shall be made so as to leave the intersection to the right of the center line of the roadway being entered;"

and § 169.19, subd. 4 (§ 2720-193[a]), which provides:

"No person shall turn a vehicle from a direct course upon a highway unless and until such movement can be made with reasonable safety, and then only after giving a clearly audible warning by sounding the horn if any pedestrian may be affected by such movement or after giving an appropriate signal in the manner herein-

after provided in the event any other vehicle may be affected by such movement."

Plaintiff asserts that the instructions given were adequate and placed a heavier burden upon him than would the requirements of § 169.20, subd. 4 (§ 2720-199), omitted by the court; that under the latter he was merely obliged to yield the right of way, while under the instructions given he could not turn under any circumstances until he first ascertained that he could do so with reasonable safety; and that hence failure to instruct with reference to § 169.20, subd. 4 (§ 2720-199), constituted harmless error. An examination of the instructions given, however, indicates a total absence of reference to the general obligation of a driver on a private roadway to yield the right of way as required by said section. Under such circumstances, we hold that it was error for the court to refuse the requested instructions, and that such error requires reversal of the order appealed from.

■ Defendant asserts that the evidence established plaintiff's negligence as a matter of law and that it was error for the court to submit this issue to the jury. We do not agree with this contention. Even if it be established that plaintiff was guilty of a violation of § 169.20, subd. 4 (§ 2720-199), this in itself would not constitute negligence *per se*, but merely *prima facie* evidence thereof. Section 169.96 (§ 2720-291). This implies the necessity of a determination of the question of proximate cause. It was for the jury to determine whether any statutory violation was the proximate cause of the accident. We find no error in submitting the question of plaintiff's contributory negligence to the jury. Had the requested instructions with reference to § 169.20, subd. 4 (§ 2720-199), been given, it is clear that the evidence would have reasonably sustained the verdict. However, failure so to instruct necessitates a new trial and resubmission of the issues under proper instructions.

Reversed and new trial granted.