MARJORIE FERGUSON, TRUSTEE OF HEIRS OF GLEN FERGUSON, v. WILFRED KEHOE.[1]

June 3, 1955.

No. 36,395.

[1]Reported in 71 N. W. (2d) 168.

*Stone, Manthey & Carey,* for appellant.
*Wangensteen & Bangs,* for respondent.

FRANK T. GALLAGHER, JUSTICE.

Appeal from an order of the district court denying defendant's motion for judgment notwithstanding the verdict for plaintiff or for a new trial.

This action arose out of a collision between an automobile driven by Glen Ferguson, now deceased, and one driven by defendant, Wilfred Kehoe. The accident occurred at about 3:30 p. m. on December 9, 1952, at or near the intersection of highway No. 73 and Cooper

Road approximately six and one-half miles north of Chisholm, Minnesota. At that point highway No. 73 runs generally north and south. Cooper Road does not intersect highway No. 73 at right angles but intersects it at such an angle that it may be said that Cooper Road runs generally northeast and southwest. At the time of the accident highway No. 73 was covered with slush and was very slippery.

It appears that there is a store building situated near the northwest corner of the intersection. The east edge of the store is approximately 50 feet from the center line of highway No. 73, and the south or front of the store is approximately the same distance from the center of Cooper Road. The area between the store building and the roads was graveled and graded evenly so that there was no definite break from the road up to the store, with the exception that highway No. 73 is a bituminous road, the edge of which was clearly discernible. The evidence further shows that, just prior to the accident, the Ferguson car was parked, facing north, about nine feet west of the west edge of the bituminous portion of highway No. 73 with about the rear half of the car in the north portion of Cooper Road. The record also discloses that there is a clear and unobstructed view of the intersection to the south for a distance of from 700 to 1,200 feet.

Defendant had been traveling north on highway No. 73. He testified at one place in the record that he first saw the Ferguson automobile when he was about 1,000 feet back from the intersection and at another when he was 700 or 800 feet away and that it was then parked, facing north. In any event he admits that he did not slacken his speed as he approached the intersection. Defendant further testified that, from the time he first saw the Ferguson car until he reached the fence line of Cooper Road, which is about 70 feet south of the point of impact, he did not again see the Ferguson car nor did he pay any particular attention to it in the interim. The record further indicates that the Ferguson automobile made a sharp right-hand turn from the position described above and moved onto highway No. 73, apparently intending to proceed northeasterly on Cooper Road. The impact occurred as the Ferguson automobile was two-thirds across or east of the center line of highway No. 73, the front of defendant's car coming in contact with the right rear of the Fer-

guson car. After the collision the Ferguson automobile came to a stop in the ditch on the east side of highway No. 73 about 48 feet north of the point of impact. Defendant's car came to rest on the west side of highway No. 73 at a point 78 feet north of the place of impact.

Ferguson was killed in the accident, and this action was commenced by his wife as trustee of his heirs. The jury returned a verdict in favor of plaintiff. Defendant urges that Ferguson was guilty of contributory negligence as a matter of law and that judgment notwithstanding the verdict should be ordered in his favor.

Defendant was the only eyewitness to the accident. Although he testified that he saw the Ferguson car move when he was 70 feet south of the point of impact and that he immediately applied his brakes and sounded his horn, there is testimony in the record from which the jury could infer that he did not sound his horn nor apply his brakes until after he saw the Ferguson automobile move.

■ One of the principal issues presented by defendant's assignments of error is whether it must be held as a matter of law that Ferguson violated M. S. A. 169.20, subd. 4. That statute reads:

"The driver of a vehicle entering or crossing a highway from a private road or driveway shall yield the right of way to all vehicles approaching on such highway."

That statute includes entering or crossing a highway from a private parking area. Schnore v. Baldwin, 217 Minn. 394, 14 N. W. (2d) 447.

It is the contention of defendant that he has proved conclusively that Ferguson entered highway No. 73 from a private parking area. He bases his contention in general on testimony that the right side of the Ferguson car was nine feet west of the west edge of the blacktop and on testimony to the effect that the area west of highway No. 73 and north of Cooper Road was parking area for the Balkan store. However, there is testimony that Cooper Road might be 45 feet wide at the shoulders. An examination of plaintiff's exhibit C-3 shows that Cooper Road at the west edge of highway No. 73 is considerably wider than its general 24-foot width. Further, there is absolutely no evidence in the record to show where the highway ease-

ment actually ends and the private parking area of the Balkan store begins with respect to either Cooper Road or highway No. 73. In view of this situation, it is our opinion that it was a question for the jury to determine whether Ferguson entered highway No. 73 from a private parking area or from Cooper Road where it intersects highway No. 73. Under the record here, the jury might well have concluded that Ferguson entered highway No. 73 from the intersection.

The second issue for our determination is whether plaintiff proved by a fair preponderance of the evidence that defendant was negligent and that such negligence was a proximate cause of the collision.

Defendant admits that highway No. 73 was slushy and slippery and at least impliedly admits that there is testimony which would allow a jury to find that defendant had violated the speed statute but contends that such speed was not the proximate cause of the accident. In support of that contention, defendant relies on Wilmes v. Mihelich, 223 Minn. 139, 25 N. W. (2d) 833. That case is readily distinguishable from the case at bar. There was no evidence that the highway was slippery; defendant, who was alleged to have been traveling at an unlawful rate of speed, crossed the intersection at a speed of not more than 20 miles per hour; and it was his car that was struck by plaintiff, who was riding a motorcycle. Under those circumstances this court concluded that the speed of defendant's automobile was not the proximate cause of the accident.

Natural and proximate consequences are those which follow in an unbroken sequence without an intervening efficient cause from the original negligent act. Christianson v. Chicago, St. P. M. & O. Ry. Co. 67 Minn. 94, 69 N. W. 640; Seward v. Minneapolis St. Ry. Co. 222 Minn. 454, 25 N. W. (2d) 221; Schmanski v. Church of St. Casimir, 243 Minn. 289, 67 N. W. (2d) 644.

Causation is a fact issue and for determination of the jury except when facts are undisputed and are susceptible of but one inference. Nees v. Minneapolis St. Ry. Co. 218 Minn. 532, 16 N. W. (2d) 758; Leitner v. Pacific Gamble Robinson Co. 223 Minn. 260, 26 N. W. (2d) 228.

In the case at bar the jury might well have found that defendant, traveling on a slushy and slippery highway, entered the intersection at a speed well in excess of 40 miles per hour. We cannot say under such circumstances that as a matter of law defendant's speed was not the proximate cause of the collision. In our opinion, that presented a question to be determined by the jury.

■ The next issue is whether the evidence established as a matter of law that Ferguson was guilty of contributory negligence. With respect to this issue, defendant contends that Ferguson was negligent in violating §§ 169.20, subd. 4, and 169.19, subd. 3, and in failing to keep a proper lookout.

Contributory negligence is an affirmative defense, and the burden is upon defendant to prove it by a fair preponderance of the evidence. Moeller v. St. Paul City Ry. Co. 218 Minn. 353, 16 N. W. (2d) 289, 156 A. L. R. 371; 13 Dunnell, Dig. (3 ed.) § 7032, and cases cited therein.

It is only in the clearest of cases when the facts are undisputed and it is plain that all reasonable persons can draw but one conclusion from them that the question of contributory negligence becomes one of law. Webster v. St. Paul City Ry. Co. 242 Minn. 1, 64 N. W. (2d) 82; Campion v. City of Rochester, 202 Minn. 136, 277 N. W. 422; Eichhorn v. Lundin, 172 Minn. 591, 216 N. W. 537; Coffman v. Kummer, 179 Minn. 120, 228 N. W. 751.

We have already disposed of defendant's claim with respect to § 169.20, subd. 4; therefore we consider only the alleged violation of § 169.19, subd. 3, and the violation of Ferguson's duty to keep a proper lookout.

Section 169.19, subd. 3, reads:

"No person shall start a vehicle which is stopped, standing, or parked unless and until such movement can be made with reasonable safety."

As pointed out above, the burden is on defendant to prove by a fair preponderance of the evidence that, when Ferguson moved his automobile, it could not be done with reasonable safety and that he had failed to keep a proper lookout. Defendant said that he saw the

Ferguson car when it made the first move; that at that time he (defendant) was only 70 feet south of the point of impact; and that he applied his brakes immediately. He also testified, however, that he did not see the Ferguson car from the time he first observed it as above referred to until he reached the south fence line of Cooper Road; that during that interim he had not paid any attention to it; and that he did not apply his brakes until after the Ferguson car pulled out in front of him. From this testimony by defendant himself, the jury might well have concluded that defendant was considerably farther back than 70 feet when Ferguson started to move through the intersection.

In view of our holding that, under the facts and circumstances here, the jury was entitled to find that Ferguson entered highway No. 73 at the intersection of it and Cooper Road, it is our opinion that § 169.20, subd. 3, is applicable. It reads in part:

"The driver of a vehicle shall stop as required by this chapter at the entrance to a through highway and shall yield the right of way to other vehicles which have entered the intersection from the through highway *or which are approaching so closely on the through highway as to constitute an immediate hazard, but the driver having so yielded may proceed, and the drivers of all other vehicles approaching the intersection on the through highway shall yield the right of way to the vehicles so proceeding* * * *." (Italics supplied.)

Pointing out as we have above that the jury might have found that defendant was considerably farther back than 70 feet from the point of impact when Ferguson started, it then became a question for the jury to decide whether defendant was approaching so closely as to constitute an immediate hazard. It is apparent from the verdict that the jury concluded under the record here that defendant was not so close to the intersection at the time Ferguson entered it as to constitute such an immediate hazard as to require Ferguson to yield the right of way. This court certainly cannot say with respect to the situation presented here that all reasonable persons would have to conclude that Ferguson started onto highway No. 73 when it was not reasonably safe to do so and that he failed to keep a proper lookout.

It is therefore our opinion that the question of the contributory negligence of Ferguson was a question of fact to be determined by the jury.

■ Defendant sets out a portion of the final argument of plaintiff's attorney which he considers improper and prejudicial and to which he timely objected. It is our opinion that the trial court promptly corrected the portion of the argument objected to by admonishing the jury to disregard it and that no reversible error exists in that respect.

■ There was evidence in the case that defendant had one drink of whiskey at a bar a half hour or more before the accident. He assigns as error the court's refusal to instruct the jury to disregard the testimony in that respect. An examination of the record discloses that the evidence came into the case on cross-examination without objection from defendant and that defendant continued to refer to the subject on direct examination by admitting that he had one drink but no more. Under the circumstances here, we find no reversible error on the part of the trial court in refusing to grant the requested instruction. To have done so would have required the jury to completely disregard the testimony, which at no time appears to have been objected to when it was given.

■ Defendant has other assignments of error relating to the court's charge to the jury. We have carefully considered them and conclude, after taking into consideration the charge in its entirety, that the court fairly explained the law applicable to the case and that it must be affirmed.

Affirmed.