## FRANK H. LUND v. MINNEAPOLIS STREET RAILWAY COMPANY.

86 N. W. (2d) 78.

November 1, 1957—No. 36,942.

*Michael J. Welsh* and *Gordon Paterson,* for appellant.
*William H. DeParcq, Donald T. Barbeau, Chester D. Johnson,* and *Robert N. Stone,* for respondent.

Frank T. Gallagher, Justice.

Appeal from an order of the district court denying a motion for judgment notwithstanding the verdict or for a new trial made by defendant, Minneapolis Street Railway Company.

The facts in this case are briefly as follows: Defendant's streetcar, going in a westerly direction on University Avenue in Minneapolis, collided with the rear of plaintiff Frank H. Lund's car, which also was headed in a westerly direction on University Avenue but which stopped in the process of attempting to turn left onto St. Mary's Street. It is plaintiff's claim that he had come to a stop before making the left turn because of traffic going east; that he had been stopped for about 30 seconds; and that his left turn signal was on during and

prior to this period. It is defendant's claim that, when its streetcar had reached a point about a streetcar length from the intersection, plaintiff's automobile, going in the same direction in the lane to the right and about 30 feet ahead, cut to the left and stopped on the tracks. Defendant further claims that this was done without signal or warning of any kind and that, although its motorman tried, he could not stop in time to avoid a collision.

The jury returned a verdict in favor of plaintiff. Subsequently, defendant moved the trial court for judgment notwithstanding the verdict or, in the alternative, for a new trial. It is from an order of the court denying that motion that defendant appeals to this court.

The issues raised here all concern the propriety of the court's charge to the jury. We are confronted at the outset with several basic rules governing this decision. Where the law of the case is fully, fairly, and correctly stated, that is all that is required. Swanson v. LaFontaine, 238 Minn. 460, 57 N. W. (2d) 262; Ferguson v. Kehoe, 245 Minn. 46, 71 N. W. (2d) 168. It is elementary that a jury charge be construed as a whole; that is, it may not be attacked successfully by lifting a single phrase or sentence, or even a paragraph, from its context. Further, it is only if, viewed as a whole, its impact gives the jury an erroneous conception of the controlling principles of law that the charge may be attacked. Zurko v. Gilquist, 241 Minn. 1, 62 N. W. (2d) 351, and cases cited therein.

We turn first to the contention of defendant that the court erred in reading a portion of the right-of-way statute (M. S. A. 169.20) to the jury. The portion read to the jury (subd. 2) is as follows:

"The driver of a vehicle within an intersection intending to turn to the left shall yield the right of way to any vehicle approaching from the opposite direction which is within the intersection or so close thereto as to constitute an immediate hazard, but the driver, having so yielded and having given a signal when and as required by this chapter, may make such left turn, and the drivers of all other vehicles approaching the intersection from the opposite direction shall yield the right of way to the vehicle making the left turn."

However, this must be considered in the context in which it was given.

The court gave the contentions of plaintiff, which were in part that he had stopped his automobile 20 to 30 seconds before the collision because he was prevented from making his turn onto St. Mary's Street on account of traffic coming from the east and that therefore, under the law, plaintiff was compelled to stop to give the right-of-way to oncoming traffic which was within the danger zone. The court then read § 169.20, subd. 2. We fail to see how, in this context, this could be prejudicial to defendant in any way since it was only in connection with plaintiff's claim of having been stopped for 20 or 30 seconds before being struck by the streetcar. We cannot agree with the contention of defendant that the reading of this statute may have led the jury to conclude that plaintiff had a right to be where he was even if it accepted defendant's version of the collision. Therefore, under the circumstances here, it was not error for the trial court to include this statute in the charge.

Defendant's second contention is that the court erred in the manner in which it charged the jury with respect to § 169.03. The portion of that statute which the court read to the jury is as follows:

"Street cars and trackless trolley cars, except where otherwise specifically provided, shall be governed by the same rules and regulations as provided in this chapter for vehicles and motor vehicles, only insofar as such regulations apply to speed, stopping at through streets and railroad tracks, and obeying signals of traffic-control devices and rights of way, driving under the influence of drugs or intoxicating liquor, careless driving, and the stopping at the scene of an accident and giving the information as required by this chapter, and following vehicles too closely, and shall be entitled to the same rights and benefits of this chapter, as to warning, turning and stopping signals and rights of way, as any vehicle or motor vehicle in the streets and highways of this state."

This statute lists several types of statutory rules which apply to streetcars as well as other motor vehicles, to wit: (1) Speed; (2) stopping at through streets and railroad tracks; (3) obeying signals of traffic-control devices and rights of way; (4) driving under the influence of drugs or intoxicating liquor; (5) careless driving; (6) stopping at the

scene of an accident and giving information; and (7) following vehicles too closely. After reading this portion of the statute, the court explained to the jury that all of the things contained in the statute did not apply to the case. It stated that parts of the statute were not significant in this accident:

"* * * Like, for instance, stopping at through streets and railroad tracks, * * * and there is some others, such as driving under the influence of drugs or intoxicating liquors, and so forth, * * *."

Following the court's instructions, counsel for defendant objected to the manner in which the court had explained to the jury that parts of this statute had no application to the case. The court at that point reread the statute and again explained to the jury that all the things listed in that statute did not apply to the case. This time the court in essence listed everything in the statute as having no application to the case at bar except that part of it pertaining to speed, right-of-way, and careless driving. It is the claim of defendant that this would lead the jury to believe that the court was expressing its opinion that speed, right-of-way, and careless driving did apply to the case. Even assuming that this were correct, a careful examination of the charge as a whole reveals that the court, without objection, fully instructed the jury as to how speed did apply to the case. It further instructed, without objection, with respect to the careless-driving statute (§ 169.13). As stated above, the court properly instructed the jury as to the right-of-way statute.

After a careful review of these portions of the charge, we cannot say, under the record here, that the jury misapplied the doctrines given to it on speed, careless driving, or the right-of-way rule so as to constitute reversible error in the manner in which the court instructed on § 169.03.

The third contention is that the court erred in charging the jury on proximate cause. Specifically, defendant contends that the court should not have instructed as to the meaning of intervening efficient cause and that what the court did state in this respect was incorrect. The court's charge to the jury on proximate cause was as follows:

"* * * 'The law is that if the act is one which the party ought in

the exercise of ordinary care to have anticipated was liable to result in injury to another, then he is liable for any injury proximately resulting from it, although he could not have anticipated the particular injury which did happen. Consequences which follow in unbroken sequence without an intervening efficient cause from the original negligent act are natural and proximate, and for such consequences the wrongdoer is responsible, even though he could not have forseen the particular result which did follow.' "

Notwithstanding the various definitions followed in other jurisdictions, this is the definition of proximate cause to be followed in this state. Robinson v. Butler, 226 Minn. 491, 33 N. W. (2d) 821, 4 A. L. R. (2d) 143; Christianson v. Chicago, St. P. M. & O. Ry. Co. 67 Minn. 94, 69 N. W. 640; Schmanski v. Church of St. Casimir of Wells, 243 Minn. 289, 67 N. W. (2d) 644; Ferguson v. Kehoe, 245 Minn. 46, 71 N. W. (2d) 168; see, also, Mickelson v. Kernkamp, 230 Minn. 448, 42 N. W. (2d) 18. Following the above-quoted portion of the charge, the court instructed the jury:

"* * * An efficient intervening cause is a new and independent force which breaks causal connection between the original wrong and the injury, * * *."

The trial court points out in its memorandum that it did not tell the jury that intervening efficient cause was an issue in the case but that, in defining proximate cause, it was necessary to use the term, and it was for that reason that the court gave the above definition to the jury. While we do not feel that it would have been necessary under the facts and circumstances of this case to give this definition, it does not appear, after viewing the charge in its entirety, that it was misleading or prejudicial to defendant. We also point out that the statement was not an incorrect statement of the law. In Robinson v. Butler, 226 Minn. 491, 494, 33 N. W. (2d) 821, 823, 4 A. L. R. (2d) 143, 146, we quoted the following definition from Restatement, Torts, § 441:

"An intervening force is one which actively operates in producing harm to another after the actor's negligent act or omission has been committed."

We also said in that case (226 Minn. 496, 33 N. W. [2d] 823),

quoting from Kennedy v. Hedberg, 159 Minn. 76, 79, 198 N. W. 302, 303:

"* * * legal responsibility for an accidental injury cannot be fastened upon a man, unless his act or failure to act was the proximate cause of the injury. If his act or omission only became injurious through some distinct wrongful act of another, the last act is the proximate cause and the injury will be imputed to it."

A careful examination of these statements and the above-quoted definition given to the jury indicates no inconsistency; therefore it cannot be said that what was given to the jury constituted an incorrect statement of the law as to intervening efficient cause, even though explanation was not necessary.

Affirmed.