Kay CARLSON, et al., Appellants,

and

Diane Achter, et al.,
Intervenors, Appellants,

v.

INDEPENDENT SCHOOL DISTRICT NO. 283, et al., Independent School District No. 270, Independent School District No. 14, Independent School District No. 704, Independent School District No. 276, Independent School District No. 482, Independent School District No. 454, Independent School District No. 495, Respondents.

No. C9–84–2077.

Court of Appeals of Minnesota.

June 25, 1985.

Review Granted Sept. 13, 1985.

Mark P. Wine, Minneapolis, for appellants.

Susan J. Schoell, St. Paul, for Independent School Dist. No. 283, et al.

Lorraine S. Clugg, Minneapolis, for Independent School Dist. No. 270.

John M. Giblin, Minneapolis, for Independent School Dist. No. 14.

Gerald A. Pommerville, Duluth, for Independent School Dist. No. 704.

Pamela R. Saunders, Minneapolis, for Independent School Dist. No. 276.

Peter L. Vogel, Little Falls, for Independent School Dist. No. 482.

Richard D. Berens, Fairmont, for Independent School Dist. No. 454.

Darold Yost, pro se Independent School Dist. No. 495.

Heard, considered, and decided by RANDALL, P.J., and SEDGWICK and HUSPENI, JJ.

## OPINION

SEDGWICK, Judge.

This appeal is from an order dismissing actions filed against numerous school districts by female teachers employed by those school districts. The teachers claimed their employers discriminated against them by denying use of sick pay for pregnancy and child-birth related disability during maternity leaves taken be-

tween 1975 and 1978. The basis for the trial court's partial summary judgment was its determination that a timely charge filed under the Minnesota Human Rights Act (MHRA) was a jurisdictional prerequisite to suit in Minnesota courts. Minn.Stat. § 363.06, subd. 3 (1974–1980).

This case involves the interaction between a statute of limitations and the provisions of Rule 23 regulating class actions. While the question presented is a limited one, an outline of the proceedings, originating almost a decade ago, is necessary. We reverse.

## FACTS

In October 1976, the Minnesota Education Association (MEA) and five female teachers from five different school districts served complaints on each of their school districts. The complaints stated that the suit was being brought by the five named plaintiffs, the MEA and all other female teachers currently and formerly employed by the five named school districts and all other school districts in Minnesota which similarly discriminated against female teachers by denying the use of sick leave pay for pregnancy and child-birth related disabilities.

The five individually named female teachers did not file a complaint with the Department of Human Rights (department) as required by Minn.Stat. § 363.06, subd. 3 (1974–80), which provides that:

A charge of an unfair discriminating practice must be filed *within six months* after the occurrence of the practice.

In February 1977, the five individually named defendant school districts filed a joint answer denying all allegations and counterclaimed for contribution against the MEA for negotiating and acquiescing in the disputed contracts.

In January 1982, the district court dismissed this counterclaim against the MEA. This decision was appealed to the Minnesota Supreme Court and affirmed in August 1984.

In June 1982, the plaintiffs moved for class certification of both plaintiff and defendant classes. The requested plaintiff class would have included all female teachers in Minnesota who, since September 5, 1975, have been denied use of accumulated sick leave during periods of disability relating to pregnancy or child birth. Plaintiffs requested the defendant class be defined as all school districts in Minnesota who are or were the employer of the plaintiff class. A month later, all school districts which had not yet been served with a complaint first learned of the motion for class certification of plaintiffs and defendants. These motions were denied in December 1982.

Two events happened in January and February 1983. (1) 67 women similarly discriminated against were allowed to intervene in the action; (2) All defendant school districts moved for summary judgment on the pleadings.

In February 1984 the district court granted partial summary judgment for 19 of the defendants; 12 others were ordered to provide the court with more information before they were granted summary judgment. All of the defendant school districts involved in this appeal were eventually granted summary judgment against all plaintiffs and intervening plaintiffs who failed to file a complaint with the Department of Human Rights within six months of their unpaid pregnancy-related leave of absence.

Women from 20 individual defendant school districts never filed a complaint against their districts with the Department of Human Rights (department). In the other districts where the women filed charges against the district with the department, the charges were not timely filed.

Nowhere in this record is there a clear indication that each defendant school district had formal notice of the class action until 1982. However, there is evidence that the districts had informal notice of the pending litigation.

## ISSUES

1. Did the trial court properly grant summary judgment?

(A) Did the trial court properly determine that the six-month time period for filing a complaint with the Department of Human Rights is jurisdictional?

(B) Is the statute of limitations tolled upon filing of a class action against unnamed members of a putative defendant class when some defendants had no notice of the suit until after the limitations period has run?

2. Did the trial court properly deny summary judgment to the Roseville and Forest Lake school districts?

## ANALYSIS

1. In reviewing the entry of summary judgment, this court must determine whether there are genuine issues of material fact to be litigated and whether the trial court erred in applying the law. The evidence must be viewed in a light most favorable to the party against whom the motion for summary judgment was granted. *ACLI International Commodity Services, Inc. v. Lindwall*, 347 N.W.2d 522 (Minn.Ct. App.1984).

1 (A) Since the facts are undisputed, the question becomes whether the trial court erred in applying the holding of *Minnesota Mining and Manufacturing Co. v. State*, 289 N.W.2d 396 (Minn.1979) (3M), rather than the holding of *Zipes v. Trans World Airlines, Inc.*, 455 U.S. 385, 102 S.Ct. 1127, 71 L.Ed.2d 234 (1982). Both these cases discussed whether the statute of limitation under the applicable law is jurisdictional such that failure to file a complaint within the time period bars relief as a matter of law.

The court in *3M* held that the filing requirement under Minnesota Human Rights Act, Minn.Stat. § 363.06, subd. 3 (1974), was jurisdictional; therefore, failure to file a complaint within six months of the date of the discriminatory act bars pursuit of relief.

The court in *Zipes* held that a timely charge filed with the EEOC was not a jurisdictional prerequisite to suit in federal court. It held that the filing requirement, like statutes of limitations, was subject to

waiver, estoppel and equitable tolling. *Id.* at 393, 102 S.Ct. at 1132.

██ Although we have no authority to overrule the Minnesota Supreme Court *3M* decision, the United States Supreme Court in *Zipes* in essence rendered the jurisdictional holding of *3M* of no further precedential value. Because Minnesota courts apply federal courts' interpretations of Title VII in construing analogous portions of the Human Rights Act, the holding in *Zipes* should have been applied by the trial court. *See Danz v. Jones*, 263 N.W.2d 395, 398–99 (Minn.1978); *State by Gomez-Bethke v. Eastern Airlines*, 346 N.W.2d 184, 186, n. 1 (Minn.Ct.App.1984); *Bartlett v. Miller and Schroeder Municipals*, 355 N.W.2d 435 (Minn.Ct.App.1984).

1 (B) The next issue is whether the statute of limitations should be tolled to allow putative members of a plaintiff class to bring suit against unnamed members of a putative defendant class when some defendants had no notice of the suit until after the limitations period had run. The United States Supreme Court has ruled that the period of limitations must be tolled for plaintiff classes, at least pending class certification. *American Pipe & Construction Co. v. Utah*, 414 U.S. 538, 553, 94 S.Ct. 756, 766, 38 L.Ed.2d 713 (1974).

But, does this holding apply to members of a defendant class? *Appleton Electric Company v. Graves Truckline Inc.*, 635 F.2d 603 (7th Cir.1980), said it does, even to those defendants who were unnamed in the original suit or had no notice of the suit until after the limitations period had run.

In rejecting the decision in *Chevalier v. Baird Savings Ass'n*, 72 F.R.D. 140 (E.D. Pa.1976), which respondents argue is applicable, the *Appleton* court discussed the inherent conflict between the operation of the statute of limitations and Rule 23 governing class actions.

Statutes of limitations are designed to protect potential defendants from stale claims and to guarantee their right of repose from the threat of litigation after a period of time. Rule 23 is designed to

promote efficient and consistent adjudication of large numbers of similar disputes.

The *Appleton* court explained.

This conflict can be resolved only by the promotion of one rule at the expense of the other, unless due process considerations require a particular result. Our reading of the cases convinces us that due process is not offended by the tolling doctrine, even where a defendant has no notice of a suit until after the limitations period has run * * * we are persuaded that implicit in the Supreme Court's *American Pipe* decision was the Court's determination that "effectuation of the purpose of litigative efficiency and economy," (which Rule 23 was designed to perform) transcends the policies of repose and certainty behind statutes of limitations.

*Id.* at 609.

The court went on to say:

A contrary rule would sound the death knell for suits brought against a defendant class, nullifying that part of Rule 23 that specifically authorizes such suits. This, in turn, would have a potentially devastating effect on the * * * courts. Plaintiffs would, in each case, be required to file protective suits, pending class certification, to stop the running of the statute of limitations. In the present instance, this could have resulted in the filing of a staggering number of complaints.

*Id.* at 610.

Respondents argue that *Appleton* very narrowly held that the statute is tolled for defendants only when a class is ultimately certified and the particular defendants are notified of the suit and choose to opt out.

Although, class action was ultimately certified in *Appleton,* the court specifically rejected the broader holding in *Chevalier* which held that the statute of limitations is not tolled against unnamed members of a defendant class unless and until they are specifically named in an amended complaint.

The trial court's ruling as it now stands means that approximately 70 plaintiffs and plaintiff-intervenors were required to file their own individual suits even though they were members of a class seeking certification. If upheld, this ruling sounds the death knell for Rule 23 defendant class actions in Minnesota. Since Rule 23 applies to both plaintiff and defendant parties, we believe the trial court erred.

Plaintiffs moved for class certification in June 1982. The motion was denied in December 1982. Case law is clear that tolling starts with the filing of the action and continues until certification of the class. *American Pipe,* 94 S.Ct., at 759.

Following certification, the court must then direct appropriate notice to members of the class. Minn.R.Civ.P. 23.03(2). In the case of unnamed members of either plaintiff or defendant class, this notice may be the first they receive. Where the class is not certified, however, the plaintiffs must then proceed to serve individual defendants by summons and complaint. Although respondents argue prejudice, it is difficult to find any more prejudice to unnamed class members where the class is not certified than where it is certified since the time frame for actual notice is the same in both cases.

We conclude that the statute of limitations is tolled from the filing of the complaint until court determination of whether a class is to be certified or not certified. We further conclude that the tolling applies equally to named and unnamed putative members of either plaintiff or defendant classes. *American Pipe, Appleton,* and Minn.R.Civ.P. 23.

Although actual notice is not necessary, as a practical matter, the lawsuits were a topic of discussion in the teaching profession. In 1976, William Wettergren, the executive secretary of the Minnesota School Boards Association, of which every district in the state is a member, was informed of a class action suit filed by the MEA naming St. Louis Park and four other districts as defendants. A summary of minutes of the MSBA's November 1976, meeting indicate

that the issue was discussed and the executive committee resolved to determine the association's participation in the litigation. This summary was published in the January 1977 *Minnesota School Board Journal* which is sent to every school board member in the state.

Wettergren did not send personal correspondence to each district. However, he admitted that his office staff received calls from various school board members in the 1976-77 school year inquiring about the litigation and what position the MSBA might take. He did not remember how many calls he received.

Although we recognize this is not formal notice and school board members had no obligation to read this publication, it is nonetheless no surprise that by mid-1982 all school districts had amended their teacher contracts to allow the use of accumulated sick leave for pregnancy related disabilities.

2. Lastly, respondents Independent School District No. 623, Roseville, and Independent School District No. 831, Forest Lake contend the trial court erred in denying them summary judgment. Appellants contend these school districts have not obtained the right of review because they failed to file separate Notices of Appeal within the time limits of Minn.R.Civ.App.P. Rule 104.01. Instead, these districts timely filed Notices of Review pursuant to Minn. R.Civ.App.P. Rule 106, after being served with a notice of appeal.

 We disagree. Once served with a notice of appeal, filing Notices of Review, rather than Notices of Appeal, is a proper means of bringing their claims before this court.

 The Roseville and Forest Lake districts argue that the claims against them are barred by res judicata. The Commissioner of Human Rights issued class action complaints against both districts in September 1979. Both complaints reached a final disposition. The districts also argue that the filing of the Commissioner's complaint nullified any tolling effect of the filing of

the class action in the present case. There is no authority for either argument. The trial judge properly denied summary judgment to Roseville and Forest Lake because the discrimination against one group of plaintiffs was during a time frame not covered by the Commissioner's action, and as to the other group, "[t]here is no showing whether they had notice of the Commissioner's class action, whether they chose to opt out, or whether they received anything in the settlement."

In *Richardson v. School Board of I.S.D. No. 271*, 297 Minn. 91, 97, 210 N.W.2d 911, 915-916 (Minn.1973), the Supreme Court said:

> While class actions are maintainable pursuant to Minn.St.1971, §§ 363.05, subd. 1(9), 363.06, subd. 2, and 363.071, subd. 2, by necessity, enforcement can only be on an individual case-by-case method. If the hearing examiner in this case were to determine that the school district has engaged in an unfair discriminatory practice, he would promulgate relief accordingly. Thereafter, any party wishing to be included in the previously defined class would be required to make an appearance before the commissioner and prove that she did indeed fall within the limitations of the class as defined by the commissioner's order.

The determination of whether the present plaintiffs had notice of or participated in the Commissioner's action is a question of fact.

Since we have determined that the time to pursue a claim for discrimination is tolled by the filing of a class action, the tolling effect applies equally to Roseville and Forest Lake since they do not present legal issues any different from those presented by the other districts. Therefore, the district court's ruling denying summary judgment to these districts was correct.

### DECISION

We reverse the trial court's finding that the six-month time period for filing a complaint with the Department of Human

Rights is a jurisdictional prerequisite to bringing an action in district court. We find that the statute of limitations is tolled from the filing of the complaint until court determination of whether a class is to be certified or not certified; and further that the tolling of the statute of limitations pending class certification applies equally to named and unnamed putative class members of both plaintiff and defendant classes. We find Forest Lake and Roseville school districts timely obtained a right of review, however, we affirm the trial court's ruling denying their summary judgment motion.